FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 MAR -6 PM 3:0.1

U.S. DISTRICT COURT
N D OF ALABAMA

| | |
|---|---|
| WILLIE BYRD, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-00-S-1152-S |
| ) | |
| WILLIAM J. HENDERSON, ) | |
| POSTMASTER GENERAL, ) | |
| ) | ENTERED |
| Defendant. ) | |

MAR - 6 2002

## MEMORANDUM OPINION

This action presently is before the court on plaintiff's motion for leave to amend his complaint, to add a claim concerning the denial of disability retirement benefits to plaintiff, and requesting judicial review of the decision of the Merit Systems Protection Board ("MSPB") denying those benefits (doc. no. 21). Plaintiff claims that the denial of benefits was based in part on his supervisor's negative statement in connection with his application for benefits, and that the statement constituted unlawful retaliation.

Defendant opposes the motion, asserting that the court does not have jurisdiction to review the decision of the MSPB, that justice does not require that leave be granted for plaintiff to amend the complaint at this stage of the proceedings — *i.e.*, following the conclusion of discovery,[1] and after a motion for summary judgment has been filed[2] — and that he would be unduly prejudiced if amendment of the complaint were allowed (doc. no. 22).

Federal Rule of Civil Procedure 15(a) provides, in pertinent part:

A party may amend the party's pleading once as a matter of course at any time before

---

[1] The cutoff for discovery was April 2, 2001. *See* Amended Scheduling Order, entered on February 28, 2001 (doc. no. 7).

[2] Defendant filed a motion to dismiss or, in the alternative, for summary judgment on May 1, 2001 (doc. no. 8).



a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has provided the following guidance for district courts when considering whether an amendment to the complaint will be permitted under Fed. R. Civ. P. 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "[I]f a complaint as amended is subject to dismissal, leave to amend need not be given." *Pan-Islamic Trade Corporation v. Exxon Corporation*, 632 F.2d 539, 546 (5th Cir. 1980) (citing *DeLoach v. Woodley*, 405 F.2d 496 (5th Cir. 1969); *Byrne v. Kysar*, 347 F.2d 743 (7th Cir. 1965), *cert. denied*, 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed.2d 668 (1966)), *rehearing denied,* 642 F.2d 1210 (11th Cir.), *cert. denied*, 454 U.S. 927 (1981).

Plaintiff's motion to amend the complaint has two aspects: first, he seeks judicial review of the final decision of the MSPB denying his application for disability retirement; and second, he seeks to add an additional claim of retaliation, asserting that his supervisor's negative statement in connection with his application for benefits was unlawful retaliation for protected activity.

The first aspect of plaintiff's motion is due to be denied. The statute governing judicial review of decisions of the MSPB, 5 U.S.C. § 7703, provides, in pertinent part, as follows:

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by

a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

...

(b)(1) *Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.* Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.

(2) Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 USC 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

(c) In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be —

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
>
> (3) unsupported by substantial evidence;

except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

....

5 U.S.C. § 7703 (1994 & Supp. 2001) (emphasis supplied).

Section 7702 defines the "cases of discrimination" excepted from the jurisdiction of the Court of Appeals for the Federal Circuit, as follows:

> (a)(1) ... the case of any employee or applicant for employment who —
>
>> (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
>>
>> (B) alleges that a basis for the action was discrimination prohibited by —
>>
>>> (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
>>>
>>> (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
>>>
>>> (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
>>>
>>> (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
>>>
>>> (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph.

Thus, appeals from so-called "mixed cases," or those that challenge the MSPB's determination of both the discrimination and non-discrimination issues, lie with the district court, while those challenging only the MSPB's determination of the non-discrimination issues are within the exclusive jurisdiction of the Court of Appeals for the Federal Circuit. *See Williams v. Department of the Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983).

Here, plaintiff contends: that his supervisor provided a negative statement to the Office of Personnel Management relating to plaintiff's application for disability retirement; that the statement was unlawful retaliation for plaintiff's activity protected by the Rehabilitation Act of 1973, the Federal Employees' Compensation Act ("FECA"), and the Family and Medical Leave Act of 1993; and that the denial of his application for disability retirement was based, at least in part, on that

-4-

statement.

The administrative judge for the MSPB did not specifically consider the plaintiff's claims of retaliation, observing only that:

> The appellant adamantly refutes the charge against him and asserts that his supervisor acted out of retaliation in disciplining him. I need not resolve the issue of whether there was any validity to the charge against the appellant. The dates of the emergency suspension and the appellant's proposed removal are mentioned above only for the relevance of the timing of those dates to the date on which the appellant claimed he became disabled.[3]

The administrative judge upheld the decision of the Office of Personnel Management denying plaintiff's application for disability retirement, finding that he had failed to establish that he was "disabled for useful and efficient service in his position."[4]

Even assuming that plaintiff's claim before the Merit Systems Protection Board involved issues of discrimination and non-discrimination such that it is a "mixed case," this court does not have jurisdiction to review the final administrative decision. Plaintiff was required, by statute, to seek judicial review of the decision by *filing an action* "within 30 days after the date [he] received notice of the judicially reviewable action under such section 7702." 5 U.S.C. § 7703(b)(2). The final administrative decision of the Merit Systems Protection Board was issued on November 5, 2001. Rather than filing an action seeking judicial review of the decision within the time period specified by the statute, plaintiff instead sought to amend his previously filed complaint on January 9, 2002: a date, it should be emphasized, that was far more than thirty days from the Board's decision. Even assuming a reasonable period of time for delivery of that decision to plaintiff, he has not offered this court any explanation for the sixty-five day gap between the Board's decision and

---

[3] Defendant's Response to Plaintiff's Motion to Amend Complaint to Add Claim Concerning Disability Retirement Benefits (doc. no. 22), Exhibit 1, at unnumbered page 3 n.1.

[4] *Id.* at unnumbered page 6.

his motion to amend the complaint. The court concludes that plaintiff cannot invoke the judicial review provisions merely by amending his complaint, and, even if he could, such action is not timely here.

The second aspect of plaintiff's motion to amend also is due to be denied. Plaintiff seeks to amend his complaint to include claims that defendant retaliated against him by providing a negative statement in connection with his application for disability benefits in violation of the FECA, the Rehabilitation Act of 1973, and the Family and Medical Leave Act of 1993.

As defendant correctly points out, the Secretary of Labor has exclusive jurisdiction of claims based on the Federal Employees' Compensation Act. *See* 5 U.S.C. § 8128(b).[5] Further, in a case involving a similar claim made by postal employees that they suffered retaliation for filing claims for compensation under the FECA, the Court of Appeals for the District of Columbia observed:

> Chapters 10 and 12 of the Postal Reorganization Act (PRA), 39 U.S.C. §§ 1001-1011, 1201-1209, set out a comprehensive scheme governing employment relations within the Postal Service. The PRA operates largely by incorporating other statutes, including the FECA, *see* 39 U.S.C. § 1005(c), and parts of the Civil Service Reform Act (CSRA).
>
> ...
>
> Moreover, neither the CSRA, the FECA, nor any other part of the PRA affords a cause of action to an employee who claims he was discharged in retaliation for filing a FECA claim.

*American Postal Workers Union, AFL-CIO v. United States Postal Service*, 940 F.2d 704, 708-09

---

[5]Section 8128(b) provides:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is —
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

(D.C. Cir. 1991). Accordingly, amendment of the complaint to add this claim would serve no purpose, as it would not be properly before the court.

Finally, plaintiff's request to amend his complaint to add the claims that defendant retaliated against him in violation of the Rehabilitation Act of 1973 and the Family and Medical Leave Act of 1993, by virtue of his supervisor's negative statement, also is due to be denied. Plaintiff's supervisor made the statement [6] about which plaintiff now complains on October 7, 1999. Plaintiff was notified, by letter dated May 10, 2000, that the Office of Personnel Management had denied his application for disability retirement benefits. In that letter, the Office of Personnel Management specifically referred to plaintiff's supervisor's negative comments.[7] Nonetheless, plaintiff did not seek to add these claims until long after the time for amendments had passed (February 28, 2001), the conclusion of discovery (April 2, 2001), the filing of defendant's motion for summary judgment (May 1, 2001), and the date the parties were to be ready for trial (June 2001).[8] Plaintiff has failed to show good cause for the delay. *See, e.g., Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir.) (upholding district court's denial of leave to amend the complaint where plaintiff failed to show good cause for delay of more than one year after filing of original complaint and eight months after the time for filing amendments had passed), *rehearing and rehearing en banc denied*, 234 F.3d 713 (11th Cir. 2000). Moreover, the court is satisfied that defendant would be prejudiced if the amendment were permitted.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

---

[6] Plaintiff's Motion to Add Claim Concerning Disability Retirement Benefits (doc. no. 21), Exhibit 3.
[7] *Id.*, Exhibit 5, at 2.
[8] Amended Scheduling Order (doc. no. 7).

DONE this 6th day of March, 2002.

_____
United States District Judge